**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 24 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30005 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00148-BLW-1 |
| v. | |
| EDGAR J. STEELE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted July 8, 2013
Portland, Oregon

Before: PREGERSON, MURGUIA, and CHRISTEN, Circuit Judges.

Edgar J. Steele appeals his jury-trial conviction for use of interstate

commerce facilities in the commission of murder for hire, in violation of 18 U.S.C.

§ 1958 (Count One); for aiding and abetting the use of explosive materials to

commit a federal felony, in violation of 18 U.S.C. § 844(h) (Count Two); and for

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

possession of a destructive device in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(B)(ii) (Count Three).[1] We have jurisdiction under 28 U.S.C. § 1291 and affirm the convictions on these counts.

Steele argues that the district court erred in its jury instructions, but concedes that he did not raise his claims before the district court. We review for plain error claims about jury instructions that were not raised in the district court. *See United States v. Anguiano*, 873 F.2d 1314, 1319 (9th Cir. 1989). "Plain error will be found only if the error was highly prejudicial and there was a high probability that the error materially affected the verdict." *Id.* (internal quotation marks omitted). We will only reverse a criminal conviction on the basis of plain error "when it appears necessary to prevent a miscarriage of justice or to preserve the integrity and reputation of the judicial process." *Id.* (internal quotation marks omitted). Improper jury instructions only rarely justify a finding of plain error. *Id.*

Steele argues that a specific unanimity instruction was required regarding the factual basis for interstate travel in Count One (and thus derivatively in Counts Two and Three). We disagree. The government presented evidence of three separate incidences of interstate travel that Steele caused with intent that a murder

---

[1] In an opinion filed concurrently with this disposition we address Steele's claim that the district court erred by denying his motion for a new trial based on ineffective assistance of trial counsel.

be committed. The jury was not required to agree unanimously on which incident of interstate travel Steele caused. *See United States v. Renteria*, 557 F.3d 1003, 1008 (9th Cir. 2009) (rejecting argument that unanimity instruction was needed on interstate commerce because it is a single, non-duplicitous, element of the offense). As the Supreme Court explained in *Schad v. Arizona*, "'[p]lainly there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict.'" 501 U.S. 624, 632 (1991) (quoting *McKoy v. North Carolina*, 494 U.S. 433, 449 (1990) (Blackmun, J., concurring)). Because the jury was not required to unanimously agree as to which specific act or action satisfied the interstate travel element, "there was no error in the instruction, plain or otherwise." *United States v. Hofus*, 598 F.3d 1171, 1177 (9th Cir. 2010).

Steele's argument that the district court committed plain error by failing to specify within its jury instructions which bomb constituted the "explosive materials" in Count Two is also unconvincing. In its closing arguments, the government clearly identified that Count Two concerned the bomb on Steele's Cadillac. This identification of the specific explosive materials was not contradicted by the court's jury instructions and there is no evidence of jury confusion.

**AFFIRMED.**

3